IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MARK ZETLMAIER,                                    No. 1:13-cv-01627-HZ

                    Plaintiff,                     OPINION & ORDER

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Tim D. Wilborn
WILBORN LAW OFFICE, P.C.
P.O. Box 370578
Las Vegas, NV 89137

        Attorney for Plaintiff

S. Amanda Marshall
United States Attorney, District of Oregon
Ronald K. Silver
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE, DISTRICT OF OREGON
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Courtney Garcia
Special Assistant United States Attorney
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Mark Zetlmaier brings this action for judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). For the reasons that follow, the Commissioner's decision is affirmed in part and reversed in part and remanded for further proceedings.

## PROCEDURAL BACKGROUND

      Plaintiff protectively filed an application for DIB on June 27, 2008, alleging an onset date of February 2, 2004. Tr. 211-218. His application was denied initially and upon reconsideration. Tr. 134-142. On February 3, 2010, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 104-114. On March 12, 2010, the ALJ found Plaintiff not disabled. Tr. 117-125. Plaintiff appealed. Tr. 172. The Appeals Council remanded the case to the ALJ on August 16, 2011, with instructions to evaluate and determine the nature and severity of Plaintiff's bilateral degenerative arthritis of the thumbs, to further evaluate Plaintiff's subjective complaints, give consideration to Plaintiff's maximum residual functional capacity (RFC) during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations, and to obtain evidence from a medical expert and vocational expert. Tr. 129-133. On May 1, 2012, the ALJ once again found Plaintiff not disabled. Tr. 18-29.

The Appeals Council denied review, making the ALJ's decision the final Agency decision. Tr. 1-6; 20 C.F.R. § 422.210 (2014). Plaintiff now seeks judicial review of that decision.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on rheumatoid arthritis, fibromyalgia, ankylosing spondinitis, bursitis, neuritis, veins and tendons swell, sjogrens, fibrositus, joint stiffness, and depression. Tr. 236. He was sixty-one at the time of the 2012 administrative hearing. Tr. 81. He completed three years of college. Tr. 81-82. He has past work experience as a real estate broker. Tr. 82-87. Because the parties are familiar with the medical and other evidence in the record, the Court refers to any additional relevant facts in the discussion section below.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. See e.g., Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. 137 at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of February 2, 2004 through his date last insured of June 30, 2005. Tr. 23. Next, at steps two and three, the ALJ determined that Plaintiff had severe impairments of fibromyalgia and bilateral thumb arthritis but that the impairments did not meet or equal, either singly or in combination, a listed impairment. Tr. 23-25. At step four, the ALJ concluded that Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), except he could not climb ladders, ropes, or scaffolds; he could frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and he could perform bilateral fingering occasionally. Tr. 25. The ALJ determined that Plaintiff had to avoid

all exposure to common workplace hazards such as moving machinery and unprotected heights due to the use of multiple narcotics. Tr. 25. With this RFC, the ALJ determined that Plaintiff was capable of performing past relevant work as a real estate broker. Tr. 28. Alternatively, the ALJ determined at step five that Plaintiff was able to perform jobs that exist in significant numbers in the national economy, such as front desk receptionist, credit authorizer, and dispatcher of maintenance services. Tr. 29. Thus the ALJ determined that Plaintiff was not disabled. Tr. 23.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, the court cannot not rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).

**DISCUSSION**

Plaintiff contends that the ALJ erred by: (1) failing to include a limitation on "handling" in the RFC; (2) finding that Plaintiff could perform past relevant work; and (3) finding that Plaintiff had transferable skills to perform other jobs that exist in substantial numbers in the national economy. The Court finds no error in the RFC's lack of limitation on handling. However, the ALJ erred in finding that Plaintiff could perform past relevant work or had transferable job skills.

**I.    Limitation on Handling**

Plaintiff argues that he cannot use his upper extremities for handling and fingering more than occasionally. While the RFC reflects the limitation on fingering, it contains no limitation on handling. According to Plaintiff, a limitation on handling is required, based on Plaintiff's testimony and the testimony of medical expert Dr. Francis. However, the ALJ provided clear and convincing reasons for discounting Plaintiff's testimony and was not required to include a limitation on handling based on Dr. Francis' testimony. Therefore, the Court finds no error.

In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis. 20 C.F.R. § 404.1529. First, the ALJ determines whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of symptoms. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). If such evidence exists, and barring affirmative evidence of malingering, the ALJ must give clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms. Id. at 1284; see also Lingenfelter, 504 F.3d at 1036.

The ALJ may consider many factors in weighing a claimant's credibility, including: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). Where the ALJ's credibility findings are supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). However, a general assertion that plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); see also Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

In this case, the ALJ found several issues that "call[ed] [Plaintiff's] credibility into question" and, therefore, he discounted the weight given to Plaintiff's testimony. Tr. 23. First, Plaintiff's testimony differed from his reports to various medical practitioners regarding the amount that he worked as a real estate broker after the 2004 alleged disability onset date; he also failed to report any of his income after 2003. Tr. 23. In addition, the ALJ found inconsistencies between Plaintiff's testimony of joint pain and difficulty standing, carrying, and handling, and his reported activities including yard work, golfing, and cleaning out the garage. Tr. 26. The ALJ specifically noted that he did "not find [Plaintiff] persuasive because, despite his testimony regarding his limitations, [his] treating [nurse practitioner] noted in a February 2005 chart . . . that [Plaintiff] was gardening and playing golf and had never felt better. This was only four months before his date last insured." Tr. 28.

Plaintiff correctly points out that the record regarding Plaintiff's daily activities is more nuanced than the ALJ portrays. For example, the ALJ cites Plaintiff's testimony that he golfed "as much as he could," he could drag the golf cart, and some days he could "make all nine holes." Tr. 91. However, in a portion of the same testimony not cited by the ALJ, Plaintiff explained that sometimes he would have to "quit after three [holes]" and sometimes his shoulders and hands hurt so much that he could not swing the club or hang on to it. Tr. 91-92. Similarly, the ALJ quotes Plaintiff as reporting in February of 2005 that he was working in the yard "like never before," although there is no indication in the record that this testimony contradicts Plaintiff's alleged limited ability to handle. Tr. 27.

Nevertheless, the ALJ's credibility finding, taken as a whole, is supported by substantial evidence. Even if the ALJ selectively quoted Plaintiff's hearing testimony regarding golfing, the record indicates that Plaintiff repeatedly reported to his treating nurse practitioner that he golfed regularly, did yard work at least once, and felt good. See, e.g., Tr. 284 (February 28, 2005: "he is able to golf and work in the yard like he has never done before . . . [and] patient states that he has not felt this well ever"); Tr. 282 (June 2, 2005: "he works as a real estate agent and enjoys golfing"); and Tr. 281 (July 14, 2005: "patient states that he has not felt as well as he does not in quite some time").

The Ninth Circuit has explained that even if the record may be "susceptible to more than one rational interpretation," if the ALJ's decision is supported by substantial evidence it must be upheld. See Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); see also Treichler v. Comm'r of Soc. Sec. Admin., No. 12-35944, 2014 WL 7332774, at *4 (9th Cir. Dec. 24, 2014) ("we cannot substitute our conclusions for the ALJ's"). In Rollins v. Massanari, 261 F.3d 853, 857 (2001), the Ninth Circuit explained:

> It is true that [Plaintiff's] testimony was somewhat equivocal about how regularly she was able to keep up with all of these activities, and the ALJ's interpretation of her testimony may not be the only reasonable one. But it is still a reasonable interpretation and is supported by substantial evidence; thus, it is not our role to second-guess it.

As in <u>Rollins</u>, the ALJ here gave clear and convincing reasons for discounting portions of Plaintiff's testimony and those reasons are supported by substantial evidence. Therefore, this Court must uphold the ALJ's credibility finding.

Next, Plaintiff contends that the ALJ ignored the limitation on handling recommended by the medical expert, Dr. Francis. Based on Dr. Francis' testimony, the ALJ found that Plaintiff had the severe impairment of bilateral thumb arthritis. Tr. 23. However, contrary to Plaintiff's assertion, Dr. Francis did not expressly indicate that Plaintiff was limited in his ability to handle. In response to the ALJ's question about Plaintiff's functional limitations, Dr. Francis stated:

> It would be my impression that a person who had a long standing diagnosis of atypical rheumatoid arthritis, but without any particular findings suggesting of the progression of the disease, would probably most likely be at a light category . . . **limited to fine motor manipulation of the hands and fingers. That is fingering and also wrist motions, to occasional**—to avoid unprotected heights scaffolds, ladders, and ropes.
>
> . . . .
>
> We could also say that this record would support a medium RFC . . . with similar limitations. Or even, you know, really no limitations. Okay. What we have here, basically, is a chronic pain case that's been going on for a long period of time with long-standing Opioid use and depression. And it's legitimate to say those kind[s] of case[s] in the absence of any physical findings could have an RFC of medium or RFC of light. And, so, it's your judgment call. Either one of them could be open to challenge.

Tr. 70-72 (emphasis added).

The ALJ's decision to not include a limitation on handling is consistent with Dr. Francis' testimony. Therefore, Plaintiff's argument fails. <u>See</u> <u>Robbins</u>, 466 F.3d at 886 ("the ALJ must only include those limitations supported by substantial evidence") (citation omitted).

Plaintiff also argues that the ALJ erred because he did not explain the weight given to Dr. Francis' opinion, as required by SSR 96-6p. However, the ALJ specifically stated that he accepted most of Dr. Francis' opinion because it was consistent with the record. Tr. 24. As to Plaintiff's fibromyalgia and bilateral thumb arthritis, the ALJ explained that despite Dr. Francis' equivocal testimony, the ALJ found the impairments to be severe. Tr. 24-25. Therefore, to the extent that the ALJ did not adopt Dr. Francis' opinion, it benefitted Plaintiff by limiting him further than what Dr. Francis opined was supported by the medical evidence. Thus Plaintiff's argument fails. See Hopper v. Colvin, No. 6:13-CV-01525-HZ, 2014 WL 6473566, at *4 (D. Or. Nov. 14, 2014) (quoting Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012) (an ALJ "does not commit reversible error by electing to temper [the] extremes [of an adverse medical opinion] for the claimant's benefit.")).

## II.    Step Four Finding

Plaintiff contends that the ALJ's step four finding is not supported by substantial evidence. The Court agrees.

The Vocational Expert (VE) testified that Plaintiff had past relevant work experience as a real estate broker. Tr. 97. The ALJ posed a hypothetical to the VE that incorporated all of the limitations in the RFC including the following:

> Let's assume that this person can frequently climb stairs and ramps, frequently balance, stoop, kneel, crouch and crawl. Let's assume this person should not be climbing ropes, ladders, or scaffolds.
>
> . . . .
>
> Let's assume that this is a person, who would be limited to occasional fingering on a bilateral basis.

Tr. 98-99.

After hearing the ALJ's hypothetical, the VE concluded that Plaintiff could perform the real estate broker job both as Plaintiff had actually performed it and as it is generally performed.[1]

A.  Past Work as Performed by Plaintiff

Social Security regulations name two sources of information that may be used to define a claimant's past relevant work as actually performed: a properly completed vocational report, SSR 82–61, and the claimant's own testimony, SSR 82–41. Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001).

Here, Plaintiff's vocational report, in relevant part, indicates that his past work required him to climb for one hour a day and write, type or handle small objects for eight hours a day. Tr. 237. This report is in apparent contradiction with the ALJ's finding that Plaintiff was limited to occasional fingering on a bilateral basis. In addition, the report possibly conflicts with the limitation on Plaintiff's ability to climb ropes, ladders, or scaffolds, because Plaintiff did not specify what he was climbed for one hour a day in his past job.

The Commissioner argues that the ALJ could rely on Plaintiff's testimony that he performed the job of real estate broker even after his alleged onset date as evidence that he could perform his past relevant work despite any current limitations. Def. Br. 16. However, this Court cannot affirm a decision by an ALJ based on a *post hoc* rationalization of the ALJ's decision. See Bray 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citations

---

[1] The VE identified the DOT code for real estate broker as 250357921, which is a code that does not exist. The Court assumes the VE intended to state the DOT code 250.357-018 for "Sales Agent, Real Estate," which includes real estate brokers. See DICOT 250.357-018, available at 1991 WL 672361.

omitted). The Commissioner's line of reasoning is not apparent from the ALJ's decision. Tr. 26. Even if the Commissioner has accurately captured the ALJ's thinking, it is the ALJ that must explain his decision, not this Court. Accordingly, the Commissioner's attempt to rationalize the ALJ's decision *post hoc* is unavailing. Plaintiff's description of his job directly conflicts with the RFC. Therefore, the ALJ's finding that Plaintiff could work as a real estate broker, as he had performed the job, is not supported by substantial evidence.

    B.  Past Work as Generally Performed

    The DOT entry for "Sales Agent, Real Estate" states that the position requires frequent fingering and occasional climbing. Therefore, there is an apparent conflict between the DOT and the VE's testimony that Sales Agent, Real Estate can be performed by someone limited to occasional fingering and restricted from climbing ropes, ladders, or scaffolds. The VE noted the discrepancy with regard to fingering and explained it in the following way:

> [T]he DOT indicates that fingering is frequent in that job, however, I would like to note that the DOT was last updated in 1989. At that point, real estate companies did not normally provide computers for their brokers, and, therefore, there would be more handwriting required than there would be after the computers were installed. And the task of writing up a contract requires only occasional fingering on a computer. So, I believe that the DOT being outdated is relevant to your hypothetical.

Tr. 99. The VE did not note any discrepancy with regard to climbing ropes, ladders, or scaffolds.

    The DOT raises rebuttable job classification presumptions. Johnson v. Shalala, 60 F.3d 1428, 1435-36 (9th Cir. 1995). "An ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." Id. at 1435. Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. Delaney v. Apfel, 185 F.3d 866 (9th Cir. 1999) (citing Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir. 1997).

In <u>Johnson</u>, the VE testified that the claimant could work as an office worker or production assembler, which were classified by the DOT as "light" work, even though the plaintiff was limited by the ALJ to "sedentary" work. <u>Johnson</u>, 60 F.3d at 1434. The VE provided persuasive testimony of available job categories in the local, rather than national, market and testimony matching the specific requirements of a designated occupation with the specific abilities and limitations of the claimant. <u>Id.</u> at 1435. Therefore, the Ninth Circuit found that it was proper for the ALJ to rely on the VE's testimony, even though it conflicted with the DOT. <u>Id.</u> at 1435-36.

In contrast, in <u>Delaney</u>, the VE testified that Plaintiff who could not perform "extensive or repetitive hand/arm movements" could nonetheless perform jobs such as security monitor and receptionist/information clerk, even though the DOT descriptions of those jobs required reaching, handling, and fingering. <u>Delaney</u>, 185 F.3d 866 at *2-3. The VE's testimony did not include information regarding specific jobs in the local market or other information which would justify deviating from the DOT. <u>Id.</u> Nor did the ALJ make findings of fact that would support the deviation. <u>Id.</u> Therefore, the Ninth Circuit held that substantial evidence did not support the ALJ's conclusion that Plaintiff could perform the jobs the VE listed. <u>Id.</u>

This case is unlike <u>Johnson</u> and its progeny, where courts justify deviating from the DOT when the VE provides evidence about the local rather than national market. It is more like <u>Delaney</u>, where the ALJ failed to make findings of fact supporting the deviation. Here, the VE speculated about the impact of technological changes on a real estate broker's need to finger frequently. Nothing else in the record supports that hypothesis, nor does the VE consider ways in which new technology may actually require real estate brokers to finger even more frequently

than in the past. The ALJ did not identify what aspect of the VE's experience or testimony warranted deviation from the DOT.

Furthermore, the VE provided no explanation for the discrepancy between her testimony and the DOT requirement of climbing. The Commissioner posits that there was no conflict related to climbing because the real estate broker position only requires occasional climbing, and Plaintiff can climb ramps and stairs frequently. Def. Br. 15 n. 5. However, the DOT does not indicate what a real estate broker occasionally climbs or whether the climbing is limited to ramps and stairs. The DOT description states that a real estate broker may "inspect property to determine if repairs are needed." See DICOT 250.357-018, available at 1991 WL 672361. This could involve climbing ladders or scaffolds, which the ALJ expressly limited Plaintiff from doing. Therefore, the VE was required to provide persuasive testimony to justify deviating from the DOT. Because the VE failed to do so, the ALJ erred in relying on her testimony. Therefore, the ALJ's step four finding that Plaintiff could perform a real estate broker job as generally performed was not supported by substantial evidence.

## III.   Step Five Analysis

Despite finding that Plaintiff could perform past relevant work, the ALJ conducted an alternative step five analysis and concluded that Plaintiff could perform other work that exists in significant numbers in the national economy. Plaintiff contends that the ALJ erred because he failed to identify transferable skills Plaintiff had acquired from his past work that would be applicable in the alternate jobs identified by the VE. The Court agrees.

Plaintiff relies on Bray v. Commissioner of Soc. Sec. Admin., 554 F.3d 1219 (9th Cir. 2009). In Bray, the Ninth Circuit held that the ALJ erred when he assumed that the claimant

possessed transferable skills without making specific findings in support of that assumption. The

court cited a portion of SSR 82-41:

> When the issue of skills and their transferability must be decided, the . . . ALJ is required
> to make certain findings of fact and include them in the written decision. Findings should
> be supported with appropriate documentation. When a finding is made that a claimant has
> transferable skills, the acquired work skills must be identified, and specific occupations to
> which the acquired work skills are transferable must be cited in the . . . ALJ's decision.

Bray, 554 F.3d at 1223 (citing SSR 82-41, 1982 WL 31389, at *7). The ALJ found that the

claimant had "previous skilled work experience," but made no finding as to the transferability of

any acquired skills, did not identify the particular skills the claimant possessed, and did not

explain the basis for the determination that she possessed skilled work experience. Id. It appeared

that the ALJ had relied on testimony from a VE that the claimant's experience as an insurance

underwriter approximately 15 years before the hearing had exposed her to computers, customer

service and possibly some data entry, and that her work as a medical assistant may also have

exposed her to similar skills. Id. at 1224. However, the ALJ made no finding whether any skills

the claimant acquired by being "exposed to computers" 15 years earlier were still current, much

less that they were transferable. Id. at n. 5. The court observed that it was "impossible to discern

whether the VE's brief commentary represents the sole basis for the ALJ's assumption that

[claimant] had transferable skills," and that the decision was "silent on the issue of whether the

particular skills that the VE identified would be transferable" given the claimant's age and

medical impairments. Id. at 1224.

      The Bray court unequivocally rejected the Commissioner's assertion that the ALJ was not

required to make specific findings, as required by SSR 82-41, when the ALJ relied on the VE's

testimony to determine whether the claimant had transferable skills. Id. at 1224. The court

explained:

The SSR does not qualify its application, stating only that "[w]hen the issue of skills and their transferability must be decided, the ... ALJ is **required** to make certain findings of fact and include them in the written decision. Findings should be supported with appropriate documentation." SSR 82–41, 1982 WL 31389, at *7 (emphasis added).

. . . .

[T]he SSR states that "[c]onsultation with a[VE] may be necessary to ascertain" whether a given skill or set of skills are transferable in a claimant's particular case. SSR 82–41, 1982 WL 31389, at *4. Thus, the SSR presumes that ALJs will be relying on expert testimony to determine whether a claimant has transferable skills, and it makes little sense to interpret the SSR's provision requiring specific written findings as inapplicable whenever an expert is involved.

Id. at 1225.

As in Bray, the ALJ in this case failed to comply with the requirements of SSR 82-41. The ALJ failed to make findings of fact regarding Plaintiff's transferable skills. While he elicited a list of skills that the VE opined Plaintiff would have acquired through his past job as a real estate broker, the ALJ failed to identify in the written opinion which of those skills would be transferable to alternate jobs. The ALJ also failed to explain how Plaintiff's age or manipulative limitations, as reflected in the RFC, would impact his ability to transfer any such acquired skills.

The Commissioner argues that the VE testimony here was much more specific and detailed than the VE testimony in Bray and, therefore, the ALJ's finding was valid. Specifically, the Commissioner notes that the VE outlined "several actual skills. . . that would be readily transferable to the occupations identified." Def. Br. 19. The Court agrees that the VE testimony here is less vague than in Bray. However, the ALJ nevertheless erred by providing no support for his conclusion that Plaintiff had transferable skills except to state that he accepted the VE's testimony in accordance with SSR 00-4p. Tr. 29 (citing Policy Interpretation Ruling : Titles II & Xvi: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions, SSR 00-4P (S.S.A. Dec. 4, 2000)). "It is the ALJ, and not the VE, who is responsible for making findings" and, therefore, specific findings are necessary even

where the ALJ relies on the testimony of a VE. Bray, 554 F.3d at 1225 (adopting the Second

Circuit's approach and citing Botefur v. Heckler, 612 F. Supp. 973, 976-77 (D. Or. 1985) for the

conclusion that "specific findings under SSR 82-41 are required when the ALJ relies on a VE's

testimony").

 The ALJ's opinion, as written, leaves this Court unable to determine whether or not

Plaintiff possesses transferable skills—a dispositive issue for his claim. As the Ninth Circuit has

made clear, a district court may not review a transferable skills finding based on what it assumes

the ALJ determined; instead, the court must review the facts and reasons supporting the ALJ's

decision. Id. (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)). The ALJ's decision lacks

substantial evidence to support its finding regarding transferable skills. Therefore, the Court

remands this case so that the ALJ can further develop the record. See Terry v. Sullivan, 903 F.2d

1273, 1280 (9th Cir.1990) (holding that this Court has discretion to remand for further fact

finding, if the record is unclear as to a claimant's entitlement to disability benefits).[2]

## IV. Remand

 After finding the ALJ erred, this Court has the discretion to remand for further

proceedings or for immediate payment of benefits. Vasquez v. Astrue, 572 F.3d 586, 593 (9th

Cir. 2009); Barman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). The issue turns on the utility

of further proceedings. A remand for an award of benefits is appropriate where there is no useful

purpose to be served by further proceedings or where the record is fully developed. Vasquez, 572

F.3d at 593.

---

[2] Plaintiff makes an alternative argument that he should be found disabled as of his 55th birthday, when he entered the "advanced age" category, by application of 20 C.F.R. § 404, subpart P, Appendix 2, § 202.00(c) ("the grids"). See Pl. Br. 15-17. The Court declines to address this argument, as it is impacted by the ALJ's determination of Plaintiff's ability to do past relevant work and Plaintiff's transferable skills.

On this record, the Court concludes that outstanding issues must be resolved before a final determination of disability can be made. The ALJ determined that Plaintiff could perform his past relevant work as a real estate broker. However, as discussed above, that finding is not supported by substantial evidence. Alternatively, the ALJ found that Plaintiff had transferable skills for other jobs identified by the VE; that finding is not supported by substantial evidence either. Thus, these are outstanding issues that must be resolved before a disability determination can be made. Accordingly, the proper remedy is to remand for further administrative proceedings.

## CONCLUSION

The Commissioner's decision is affirmed in part and reversed and remanded for additional proceedings to evaluate whether Plaintiff was capable of performing past work as a real estate broker or whether Plaintiff could perform other work that exists in significant numbers in the national economy.

IT IS SO ORDERED.

Dated this ___14___ day of __Jan._____, 2015

MARCO A. HERNÁNDEZ
United States District Judge